UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-36-TAV-DCP |
| | ) | |
| SPENCER T. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Spencer T. Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 24], filed on January 26, 2026.

Defendant asks the Court to continue the plea deadline, which is set for January 27, 2026, and the current trial date, which is set for February 24, 2026, for approximately 120 days [*Id.*]. In support of his motion, Defendant states that he had his initial appearance on May 16, 2025, and received initial discovery shortly thereafter [*Id.* ¶ 2]. Defendant represents that discovery is voluminous and has required additional time to review with his counsel [*Id.*]. Defendant faces the possibility of forty-years of mandatory time if he is convicted [*Id.*]. The motion reflects that Defendant's counsel and the Government continue to work towards a possible resolution that would avoid the need for trial and that additional time is needed to complete activities that are underway, which could greatly impact Defendant's potential sentencing exposure [*Id.*]. Defendant's counsel states that he does not believe he can adequately prepare or efficiently represent Defendant within the currently scheduled deadlines and trial dates [*Id.*].

Defendant states that he was released on conditions on June 5, 2025, and avers that he has fully complied with all of the conditions set forth by the Court [*Id.*]. Defendant has successfully completed an inpatient substance abuse program, as well as intensive outpatient substance abuse classes [*Id.*]. Defendant maintains that he remains committed to following all of the instructions and conditions from the Court [*Id.*]. Defendant states that he is aware of his right to a speedy trial and waives this right for the purposes of this motion to continue [*Id.* ¶ 4]. The motion relates that the Government does not oppose a continuance [*Id.* ¶ 5].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to review discovery with Defendant, consult with his client, work towards a resolution of the case, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Spencer T. Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 24**]. The trial of this case is reset to **June 23, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on January 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Spencer T. Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 24**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 26, 2026**, and the new trial date of **June 23, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(5) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* or due on or before **June 16, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026**.

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge