UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-36-TAV-DCP |
| | ) | |
| SPENCER T. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Spencer Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 27], filed on May 21, 2026.

Defendant asks the Court to continue the current trial date, which is set for June 23, 2026, and the plea deadline, set for May 22, 2026 [*Id.* ¶ 1]. In support of his motion, Defendant states that after his May 16, 2025 initial appearance, he was released on conditions on June 5, 2025, and has complied with all of the conditions set forth in the Court's Order and Amended Order [*Id.* ¶ 2 (citing Docs. 17, 21)]. Defendant submits that he is now employed full-time and remains committed to following all of the instructions and conditions from the Court [*Id.*]. Defendant explains that based on the charges contained within the Superseding Indictment, he faces a mandatory minimum of forty years imprisonment [*Id.* ¶ 3]. Defendant's counsel and the Government have been in consistent discussions about any possible resolution, but recently the Government's counsel was substituted [*Id.*]. Defendant represents that additional time is needed for his counsel and the Government to get up to speed on the case and be able to continue their discussions for a resolution without the need for a trial [*Id.*]. Further, Defendant avers that additional time is required to complete certain activities that are underway, as they will greatly

impact his potential sentencing exposure [*Id.*]. He explains that such activities require ongoing coordination between state and federal agencies, as well as between his counsel and the Government [*Id.*]. The motion reflects that his counsel does not believe he can adequately prepare or effectively represent Defendant in this case within the currently scheduled deadlines and trial dates [*Id.*]. Further, it is represented that the Government does not oppose the request [*Id.* ¶ 6]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 5].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

The Court therefore **GRANTS** Defendant Spencer Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 27**]. The trial of this case is reset to **October 27, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on May 21, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

2

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Spencer Brown's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 27**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 27, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **May 21, 2026**, and the new trial date of **October 27, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 25, 2026**;

(5) the deadline for filing motions *in limine* is **October 13, 2026**, and responses to motions *in limine* are due on or before **October 20, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **October 8, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 16, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge